United State District Court

For The District of Maryland

Northern Division

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

MAY 24 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

BY

42 USC § 1983

Civil Rights
Action Complaint

Case No.

Pro se Litigant

Joseph Lewis Tetlow (JAmielyn)

DPSCS No. 425·231

P.O. Box 549

Jessup, MD 20794

United States District Court
For The District of Maryland

Joseph Lewis Tetlow, Pro se (Jasmine Lynn)
DPSCS No. 425-231, P.O. Box 549
Jessup, MD 20794
        Plaintiff

        v.

Maryland Department of Public Safety, and
Correctional Services (DPSCS), 300 East Joppa
Rd., Suite 1000, Towson, MD, 21286; Maryland
Division of Correction (DOC), 6776 Reisterstown
Rd., Suite 310, Baltimore, MD 21215; Wexford
Health Sources, Inc. (Address Unknown at
this time); Maryland Correctional Training
Center (MCTC), 18800 Roxbury Rd., Hagerstown
MD 21746; Maryland Correctional Institution,
Jessup, P.O. Box 549, Jessup, MD 20794;
Stephan Moyer, Secretary, (DPSCS), 300 East
Joppa Rd., Suite 1000, Towson, MD 21286;
Dayena Corcoran, Maryland Commissioner of
Corrections, 300 East Joppa Rd., Suite 1000,
Towson, MD 21286; John Doe, Warden, (MCTC)
18800 Roxbury Rd, Hagerstown, MD 21746;

Continued

Pg. 1 of 27

J. Philip Morgan, Warden, (MCI-J),
P.O. Box 549, Jessup, MD 20794;
Dr. Sisay, Medical Doctor (MD)(MCI-J)
P.O. Box 549, Jessup, MD 20794;
Emmanuel, Physician Assistant (PA)
(MCI-J), P.O. Box 549, Jessup, MD
20794; Ms. Roberts, Psychologist, Psych.
Dept. (MCI-J), P.O. Box 549, Jessup,
MD 20794; Dr. Choudry, Medical Doctor
(MD)(MCTC), 18800 Roxbury Rd.
Hagerstown, MD 21746; Dr. Garwood,
Psychologist, Psych Dept. (MCTC), 18800
Roxbury Rd., Hagerstown, MD 21746;
Pat Goines-Johnson, Executive Director,
Field Support Services, (DPSCS), 300 East
Joppa Rd., Suite 1000, Towson, MD
21286; Ms. Lyn, Social Worker Dept.
(MCTC), 18800 Roxbury Rd. Hagerstown, MD
21746.

Defendants

## Jury Trial Demand

Plaintiff hereby demand a trial by jury on
all claims so triable in this action.

## Plaintiff's Complaint for Declaratory And Injunctive Relief And Damages

### I Preliminary Statement

1. This is a civil rights action lawsuit based on the willful and deliberate refusal of the Defendants to comply with federal laws protecting the rights of the Plaintiff, who is suffering from Gender Dysphoria in the custody of the Maryland Dept of Public Safety and Correctional Services (DPSCS).

2. The officials named as Defendants in this case have failed to comply with federal laws, including the Americans with Disabilities Act, 42 U.S.C § 12131 et seq, the Rehabilitation Act, 29 U.S.C § 794 et seq, and the Constitution of the United States.

3. Through their policies and practices, Defendants discriminate against Plaintiff. They have done this by denying Plaintiff adequate and equally effective medical care for her Gender Dysphoria as a transgender woman, and to take effective steps to remove the risk of serious future harm. Defendants have also failed to provide Plaintiff (Ms Tetlow) an individual medical evaluation

aimed solely at determining the appropriate
treatment for her Gender Dysphoria
under community "standards of care",
promulgated by the World Professional Association
for Transgender Health ("WPATH") 7th version.
(Sept. 2011). This has been characterized by
a pattern of delays, inconsistencies, and
seemingly endless dropping the ball.

4. As a result of the Defendants'
discriminatory policies and practices, as well
as their "deliberate indifferences" to Plaintiff's
"serious medical needs":

- have been denied and prevented from receiving
  effective medical treatment;
- have continued to suffer from depression,
  anxiety;
- have been denied the ability to rid ones
  thought of self trapped in a body that
  isn't right;
- have been denied, prevented to fully
  express herself as a woman through
  access to female clothing and cosmetics
  (i.e. hair removal items; hair piece; make-up
  bras, underwear

5. Plaintiff seeks declaratory and injunctive relief and damages for the harm she has and is still suffering and continue to suffer as a result of the Defendants' discrimination and deliberate indifference.

## II. Jurisdiction

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question).

## III. Venue

7. Venue is proper in this District, under 28 U.S.C § 1391(b), all the defendants reside in Maryland in this District and a substantial part of the events giving rise to claims herein all occurred within this District.

## IV. Parties

A. Plaintiff

8. Named Plaintiff Tetlow, is a transgender woman who suffers from Gender Dysphoria.

currently incarcerated at the
Maryland Correctional - Institution-Jessup
(M.C.I.-J), and under DPSCS's custody and
control.

B. Defendants
1. Defendants Sued in Their Individual
   and/or Official Capacities

9. Dr. Sossay, Medical Doctor, Wexford Health
   Sources Incorporated, is the M.D. of
   ("M.C.I.-J") and is responsible for the
   day-to-day operations of the medical
   department at MCI-J. On information
   and belief, he is aware of ("DPSCS) and
   Wexford Health Sources Inc. policies and
   procedures regarding the treatment of
   transgender inmates. He is sued in his
   Individual and official capacities.

10. Physician's Assistant Emmanuel, Wexford
    Health Sources Incorporated, is the P.A.
    of ("MCI-J") and is responsible for
    day-to-day screening of inmates medical
    concerns at MCI-J. On information
    and belief, he is aware of ("DPSCS) and
    Wexford Health Sources Inc. policies and
    procedures regarding the treatment of

transgender inmates. He is sued in his individual and official capacities.

11. Mrs. Roberts, Psychologist, Wexford Health Sources Incorporated, is the psych. at (M.C.I-J) and is responsible for the day-to-day screening of inmates mental health, needs and concerns at MC.I-J On information and belief, she is aware of (DPSCS) and Wexford Health Sources Inc. policies and procedures regarding the treatment of transgender inmates. She is sued in her individual and official capacities.

12. Dr. Choudry, Medical Doctor, Wexford Health Sources Incorporated, is the M.D. of (M.C.T.C.) and is responsible for the day-to-day operations of the medical department at M.C.T.C. On information and belief, he is aware of (DPSCS) and Wexford Health Sources Inc. policies and procedures regarding the treatment of transgender inmates. He is sued in his individual and official capacities.

13. Dr. Garwood, Psychologist, Wexford Health Sources Incorporated, is the psych. at (M.C.T.C.") and is responsible for the day-to-day screening of inmates mental

health needs and concerns at M.C.T.C. On information and belief, he is aware of (DPSCS) and Wexford Health Sources Inc policies and procedures regarding the treatment of transgender inmates. He is sued in his individual and official capacitdes.

14. Pat Goines-Johnson, Executive Director, Field Support Services, Dept of Public Safety and Correctional Services (DPSCS), is the responsible authority for the Executive Directive, No. Ops 131.0001 dated Aug 15, 2016 Titled: Identification, Treatment and Correctional Management of an Inmate Diagnosed with Gender Dysphoria. She is sued in her individual and official capacities.

15. Ms Lys, Social Worker, is the social worker at ("M.C.T.C") and is responsible for working with the L.G.B.T.Q. ("Transgender") population in regards to their needs and concerns. On information and belief, she is aware of (DPSCS) and Wexford Health Sources Inc. policies and procedures regarding the treatment of transgender inmates. She is sued in her individual and official capacities.

15.1 Stephan Moyer, Secretary, Maryland Department of Public Safety and Correctional Services is the Director of DPSCS and is responsible for the day-to-day operations of DPSCS. On information and belief, he is aware of DPSCS's policies and practices regarding health care for transgender and/or Gender Dysphoric individuals He is sued in his official capacity.

15.2 Dayena Corcoran, is the Commissioner of Maryland Corrections. See is responsible for overseeing DPSCS prisons and correctional units, including MCI-J and MCTC. She is also responsible for responding to appeals of complaints and grievances brought by individuals in DPSCS custody. She is aware of DPSCS policies and practices regarding health care for transgender and/or Gender Dysphoric individuals She is sued in her official capacity.

15.3   John Doe is the Warden of MCTC. As Warden, Mr. Doe is the legal custodian of all individuals incarcerated at MCTC, and is responsible for their safe, secure, and humane treatment. On information and belief, he is aware of DPSCS's policies and practices regarding health care for transgender and/or Gender Dysphoric individuals and he is aware of specific written complaints by transgender individuals at MCTC regarding the violation of their rights. He is sued in his individual and official capacities.

15.4   J. Philip Morgan, is the Warden of MCI-J. As Warden, Mr. Morgan is the legal custodian of all individuals incarcerated at MCI-J, and is responsible for their safe, secure, and humane treatment. On information and belief, he is aware of DPSCS's policies and practices regarding health care for transgender and/or Gender Dysphoric individuals

and he is aware of specific written request for help in regard to treatment of plaintiff at MCI-J and regarding the violation of her rights. He is sued in his individual and official capacities.

15.5 Defendants Moyer, Corcoran, Doe, and Morgan are state actors, acting under color of Maryland statues and regulations in all activities relevant to this action.

16. Defendants Sissay, Emmanuel, Roberts, Choudry, Garwood, Gaines-Johnson, and Lyn are state actors, acting under color of Maryland statues and regulations in all activities relevant to this action.

## V. Statement of Facts

17. For a period expanding six (6) months, the Defendants have failed to provide Plaintiff with adequate and necessary medical treatment in regards to her gender dysphoria that is required by the Eighth Amendment, which is made applicable to the States through the Due Process Clause of the Fourteenth Amendment, "prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes", and by the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). In September 2017, your Plaintiff began to raise this matter with Ms. Lyn, social worker at ("MCTC") and Dr. Garwood, Psychologist at (MCTC"), through correspondence and subsequently through regular communications and in-person meetings between the months of Sept 2017 and March 2018. During an in-person meeting with Dr. Garwood in Oct. - Nov. 2017, Dr. Garwood

informed me that my name would be submitted to the board for evaluations ("G.O") During in-person meetings with Ms. Lyn (both individual & group setting) on thursday in the months of Oct and Nov. 2017, I, Mr. Tetlow voiced my desire to start hormone therapy to combat and alleviate stress related symptoms caused by my gender dysphoria. On Nov. 22, 2017, during an in-person meeting with Dr. Choudry for an unrelated issue, I raised my concerns with starting hormone therapy. Dr. Choudry informed me to submit a sick call form. On Nov. 23, 2017, I submitted my request on a sick call form per Dr. Choudry instructions. I was never seen. On Dec. 12, 2017, I seen a woman from the Psychology Dept. concerning my Gender Dysphoria ("G.D."), who informed me to write medical. (Woman name unknown at this time). On Dec. 12, 2017, I sent Dr. Choudry a three (3) page detailed letter concerning my ("GD") and requesting to began hormone therapy. On Dec. 13, 2017, I submitted an Informal Complaint with regards to not being seen for my sick call submitted on Nov. 23, 2017 (was never answered). On Dec. 18, 2017, I sent a detailed letter to Pat. Goines. Johnson at DPSCS Headquaters in regards to my gender dysphoria and requesting her assistence in

getting evaluated and starting hormone
therapy. (No response). On Jan. 2, 2018,
I spoke briefly to Dr. Garwood about
not responding to my request slip concerning
my evaluation, Dr. Garwood informed
me he'll see me the week of 8th-12th.
(I was never seen). On Jan. 18, 2018, I
met with Dr. Garwood in-person to discuss
the eval. process, he informed me that
this is all new to him, he is not fimitar
with the process, however, he would add my
name to the list to be evaluated. On
Jan. 22, 2018, I sent a letter to Dr. Garwood
concerning myself ordering female clothing
items since he gave me a preliminary diagnosis
of ("G.D.") on Jan. 18, 2018. On Feb. 14, 2018,
I was transferred to Jessup Correctional
Institution in Jessup, MD. On Feb. 16, 2018,
while at ("JCI"). I was seen by Dr. Banks
Psychology Dept., Dr. Banks informed me that
someone inputed incorrect data, as that I
have a release date for Oct. 2018. (DPSCS
records on OCMS will show I have a
current release date of Oct. 2021.) On
Feb. 21, 2018, I was transferred back to
("MCTC"), on arrival; I submitted a request
to see Dr. Garwood in reference to the
information received from Dr. Banks at ("JCI")
on Feb. 16, 2018. (Never seen). On or about

March 1, 2018, I submitted a request
to Ms. Lyn, Social Work Dept., during an
in-person meeting with Ms. Lyn on
March 13, 2018, I'll now paraphrase
the conversation:

- Ms. Lyn: What happened with your
  transfer?

- Plaintiff: When I got there, they ask
  me a series of questions to
  which one ask how I identify,
  I responded Transgender.

- Ms. Lyn: Why did you identify as transgender
  on this one & not others?

- Plaintiff: Because, I am at a point in my
  life where I need to be real with
  myself and thats who I am, a
  transgender woman. After being around
  the other sisters here, I now feel
  comfortable in expressing my real
  true identity

- Ms. Lyn: You are not transgender, I
  don't know why people are using
  that term so broadly.

Ms. Lyn then corrected herself and said, "I can't tell you professionally how you identify, but, my opinion, if your not fully developed, then your not transgendered." At that moment, I ended my visit with Ms. Lyn. On March 15, 2018, I was transferred to Maryland Correctional Institutions - Jessup ("MCI-J"). On arrival to ("MCI-J"), I identify as a transgender woman. On March 16, 2018, I am seen by Ofc. Mobly, Capt. Harrison, Lt. Jones, and Maj. Dorsey, I am given a Transgender Strip Search Consent form/card. This document is signed by Ofc. Mobly, Lt. Jones, and Asst. Warden Briscoe. I was informed by Ofc. Mobly that I would be seen by Mr. Roberts, Psychology Dept.. On April 6, 2018, I spoke briefly with Ms. Roberts about why I identify as a transgender woman. On April 10, 2018, I submitted a sick call requesting hormone therapy. On or about April 14, 2018, I am seen by P.A. Emmanuel in regards to my sick call requesting hormones. He referred me to Dr. Sissay. On April 16, 2018, I am seen for a unrelated medical issue, however, Dr. Sissay acknowledge that P.A. Emmanuel referred me to him concerning

my request for hormone therapy.
On April 18, 2018, I sent a detailed
letter to Ms. Pat Goines-Johnson
regarding the discrimination and mis-
treatment of transgender inmates
within ("DPSCS") requesting her assistance.
(No response). On April 25, 2018, I
submitted an Informal Complaint
about not being seen in a reasonable
time concerning my request for evaluation
of my gender dysphoria and my request
for hormones. On May 4, 2018, I am
seen by Dr. Sisay for an unrelated
complaint, again he acknowledges my
request, however, to date no progress
has been made concerning this
matter; the discrimination on other
matters (Ms. Lyn).


18. Defendants are aware of their obligations
under federal laws and the Fairness
for All Marylanders Act. Nevertheless,
Defendants have not remedied their
past pattern and practice of discrimination
and deliberate indifference towards Plaintiff
and continue their behavior against
Plaintiff and other transgender identified
inmates, resulting in disability-based
discrimination and willful and deliberate

indifference in at least four areas:
(i) Proper evaluation in timely manner
by a board certified gender specialist;
(ii) Once inmate is diagnosed, starting
treatment in a timely manner;
(iii) Denying inmates identified as
transgender access to female attire and
cosmetics as other female inmates
in DPSCS custody;; (iv) Denying inmates
their rights under ("PREA") Prison Rape
Elimination Act to choose who
performs a strip search of their person.

19. Defendants' failure to provide Plaintiff
with adequate necessary medical
treatment to alleviate her symptoms
of a "serious medical need",
(Gender Dysphoria) while in DPSCS
custody has resulted in irreparable harm,
and may result in future harm, to
include other transgender identified inmates
in DPSCS custody. It also violates her
rights under the U.S., the Americans with
Disabilities Act and the Rehabilitation Act
of 1973, and the Fairness for All Marylanders
Act.

VI. Claims For Relief

Count I - Deliberate Indifference on
the Basis of Serious Medical Need in
Violation of the Eighth Amendment
to the U.S. Constitution
(Against All Defendants by the Plaintiff)

20. Plaintiff reallege and incorporate by
reference each and every allegation
above as if fully set forth herein.

21. Courts in other circuits have
similarly noted that gender
identity disorder (gender dysphoria)
may constitute a serious medical
need. In De'Lonta v. Angelone
708 F.3d 520 (2013), the Fourth Circuit
found that an inmate's "need for
protection against continued self-
mutilation constitutes a serious
medical need to which prison
officials may not be deliberately
indifferent.

22. Plaintiff is a qualified individual with a serious Medical need within the Meaning of the Eighth Amend.

23. The claims under the Eighth Amendment are brought against the Defendants as departments, agencies, or instrumentalities of the State of Maryland.

24. At all times relevant to this action, the Eighth Amendment was in full force and in effect in the United States and Plaintiff had a right not to be subjected to cruel and unusual punishment on the basis of her serious Medical need, by defendants.

25. Defendants subjected Plaintiff by choosing to be deliberately indiffent solely on the basis of her serious Medical need.

in violation of her rights
under the Eighth Amendment.
They have done this by
failing to provide effective
medical treatment, and by
not ensuring that adequate
medical treatment to [all]
individuals with a serious
Medical need is made
available to individuals
in DPSCS's custody or under
DPSCS supervision.

26. In determining what type
of medical treatment is
necessary, "defendants shall
give primary consideration
to the request of the
individual with a serious
medical need.

27. On information and belief, the
failure to provide effective and
adequate medical treatment
are policies, regular practices,

and/or customs of defendants toward transgender and/or gender dysphoric individuals. These failures are ongoing and continue to this date.

28. Defendants' failure to provide effective and adequate medical treatment has subjected Plaintiff to discrimination on the basis of her serious medical need in violation of her rights under the Eighth Amendment, in ways that include, but are not limited to, the following:

   a. inadequate access to appropriate treatment and services to enable her to live without depression & anxiety;

   b. inadequate access to hormone therapy, make-up, female undergarments, facial hair

remover or growth items

29. As a proximate result of Defendants' violation of Plaintiffs' rights under the Eighth Amendment, Plaintiff has suffered and continue to suffer from the deliberate indifference, unequal treatment violations of her rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, trauma, embarrassment, and unnecessary loss of rights.

30. Defendant's failure to comply with the Eighth Amendment has resulted, and will continue to result, in harm to Plaintiff, as Plaintiff will continue to be in the custody or under the supervision of DPSCS and will continue to seek treatment by the defendants. This harm

will continue unless and
until the defendants are
ordered by this Court to
to treat plaintiff and to
make modifications to the
policies, practices, and procedures
of DPSCS pursuant to the
Eighth Amendment.

31.  42 USC 1983 creates a cause
of action when a "person who
under color of any statute,
ordinance, regulation, custom,
or usage, of any State or
Territory or the District
of Columbia, subjects, or
causes to be subjected, any
citizen of the United States
or other person within the
jurisdiction thereof to the
deprivation of any rights,
privileges, or immunities secured
by the Constitution and laws."

32. Defendants Moyer, Corcoran, Doe, Morgan, Sisay, Emmanuel, Roberts, Choudry, Garwood, Goines-Johnson, and Lyn, in their individual and official capacities, and acting under color of Maryland statutes And regulations, deprived and continue to deprive Plaintiff to be free from cruel and unusual punishment, as secured by the Eighth Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment, by preventing Plaintiff to access to medical treatment. Despite multiple request And complaints in writing to DPSCS, DPSCS through the official actions of Defendants Moyer, Corcoran, Doe, Morgan, Sisay, Emmanuel, Roberts, Choudry,

Garwood, Goines-Johnson,
And Lyn, has denied
and continues to deny
Plaintiff effective and
adequate treatment

## VII. Belief Requested

WHEREFORE, plaintiff requests that the court
grant the following relief.

A. Issue a preliminary injunction judgement
that defendants' immediatly have Plaintiff
evaluated by a qualified gender specialist;

B. Issue a preliminary injunction judgement
that defendants' provide hormone therapy
to plaintiff;

C. Issue a preliminary injunction judgement
ordering that defendants' provide A and
B within the next 30 days;

D. Carry out without delay the
treatment recommended by the gender
specialist;

E. Award compensatory damages;

F. Award punitive damages

G. Grant such other relief as
it may appear that plaintiff
is entitled.

May 21, 2018

Respectfully Submitted,

Joseph Lewis Tetteh (Jasmine Lynn)

DPSCS No. 425-231
P.O. Box 549
Jessup, MD 20794
Pro se litigant